UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NICHOLAS TAYLOR,              )
                              )
    Plaintiff,                )
                              )
v.                            )   Case No.:
                              )
INTERNATIONAL AEROSPACE       )
COATINGS, INC.,               )
                              )
    Defendant.                )
_____/

## NATURE OF THE ACTION

1. This is an employment discrimination case, brought pursuant to the provisions of the Civil Rights Act of 1866, 42 U.S.C §1981, as amended by the Civil Rights Act of 1991 ("Section 1981") and the Florida Civil Rights Act of 1992, Fla. Stat. §§760.10, *et seq*. ("FCRA") to redress Defendant's discrimination against Plaintiff because of his race and retaliation against Plaintiff leading to his constructive discharge.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Section 1981.

3. This Court has supplemental jurisdiction over Plaintiff's related

claims arising under state law and the FCRA pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## THE PARTIES

5. Plaintiff, Taylor, is a citizen of the United States and was at all times material a citizen of the State of Florida residing in Columbia County, Florida.

6. Defendant, IAC, is a Foreign For-Profit Corporation with its principal address in Spokane Washington. Defendant does business in this Judicial District at 102 SE Academic Ave, Lake City, FL 32025.

7. Defendant is a covered employer under Section 1981 and the FCRA.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On December 20, 2019, Plaintiff dual-filed a claim with the Florida Commission on Human Rights ("FCHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on race discrimination and retaliation.

10. Plaintiff's charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11. On September 23, 2020, the FCHR issued to Plaintiff a Notice of Dismissal.

12. This complaint is timely filed.

## FACTUAL ALLEGATIONS

13. Plaintiff is an African American male.

14. Plaintiff began working for Defendant in February 2013.

15. At the time of his constructive discharge, Plaintiff held the position of Production Lead.

16. Plaintiff was subjected to a pattern of discriminatory slurs and disparate treatment in the workplace.

17. Around December 2018, Plaintiff's Production Manager, Jesse Johnson (Caucasian), began consistently referring to Plaintiff as "nig**r."

18. On multiple occasions, Plaintiff heard Mr. Johnson referred to him as "a nig**r" or "that nig**r" when Mr. Johnson was speaking to other Caucasian employees.

19. On one occasion, during a conversation about the allocation of work duties, Mr. Johnson stood up and yelled "I ain't no nig**r!" in Plaintiff's face.

20. In April 2019, Plaintiff verbally complained to Paul Dunphy

(Caucasian), Vice President, about the ongoing discrimination. During this conversation, Plaintiff requested a transfer to a different location to escape the unrelenting discrimination.

21. Mr. Dunphy claimed he would investigate the issue; however no remedial action was taken.

22. Mr. Dunphy informed Plaintiff he would need to remain at Defendant's Lake City location through at least the end of May 2019, forcing Plaintiff to endure further discrimination from Mr. Johnson.

23. The following day, Mr. Johnson approached Plaintiff and asked, "why do you really want to leave Lake City? Is it because of me?" while laughing in Plaintiff's face.

24. In May 2019, Plaintiff was working near Mr. Johnson in the hangar when Mr. Johnson pointed at Plaintiff and stated "that nig**r is trying to sabotage us" to another Caucasian employee, referring to Plaintiff's protected activity.

25. Later that same day, Plaintiff heard Mr. Johnson state something to the effect of, "I got a 45 and I'll leave one in the chamber so I can blow his motherfu***** brains out" and "If he gets taken into the woods out back nobody will find him."

26. Immediately after, Plaintiff reported the discriminatory comment

and threat to Mr. Dunphy. However, no immediate action was taken to address Plaintiff's concerns.

27. Over the next five months, Plaintiff continued to complain about the ongoing discrimination and threats to his safety. Plaintiff also submitted requests to transfer locations to escape the hostile work environment, however, Mr. Dunphy consistently ignored Plaintiff's requests.

28. In early October 2019, Robert Davis (Caucasian), Lead, informed Plaintiff that that Mr. Johnson had recently referred to Plaintiff as "nig**r" while Mr. Johnson and Mr. Davis were speaking. Mr. Davis explained to Plaintiff that Mr. Johnson had stated, "that nig**r mixed the paint wrong" and "that nig**r is trying to sabotage us," referring to Plaintiff's numerous complaints.

29. Subsequently, Plaintiff verbally complained to Mr. Dunphy about the merciless racial discrimination and asked to be transferred to a different location. Once again, no action was taken to remedy the ongoing discrimination.

30. Over the course of approximately seven months, Plaintiff consistently raised concerns about the racial discrimination he was subjected to and expressed concerns for his physical safety, however, Defendant failed to take action to address the ongoing issues.

31. Defendant imposed working conditions so intolerable that a reasonable person in Plaintiff's position would have been compelled to resign.

32. In October 2019, after many months of relentless discrimination and Defendant's lack of remedial action, Plaintiff was forced to resign.

33. Defendant's illegal conduct has damaged Plaintiff.

34. Plaintiff has had to retain the services of undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

**Count I: Unlawful Race Based Discrimination in Violation of Section 1981**

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

36. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

37. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

38. Defendant discriminated against Plaintiff if violation of Section 1981.

39. Based on the conduct described above, Defendant intentionally deprived Plaintiff of the same rights as non-African American employees.

40. As a result of Defendant's discrimination in violation of Section 1981, Plaintiff has been denied employment opportunities providing substantial

6

compensation and benefits, thereby entitling Plaintiff to equitable monetary relief.

41. Plaintiff has also suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions thereby entitling him to compensatory damages.

42. Defendant with malice and reckless indifference to Plaintiff's federally protected rights thereby entitling him to an award of punitive damages.

## Count II: Retaliation in Violation of Section 1981

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

44. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

45. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

46. Plaintiff engaged in protected activity under Section 1981 while employed by Defendant.

47. Defendant engaged in intentional retaliation against Plaintiff for

Plaintiff's participation in protected activity.

48. Defendant's conduct violated Section 1981.

49. Defendant's discriminatory conduct, in violation of Section 1981 has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which Plaintiff is entitled to damages.

50. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling Plaintiff to compensatory damages.

51. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's statutorily protected rights, thereby entitling Plaintiff to punitive damages.

**Count III: Race Based Discrimination in Violation of the FCRA**

52. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

53. At all times relevant to this action, Plaintiff was in a protected category under the FCRA because of his race, Plaintiff is African American.

54. Defendant is prohibited under the FCRA from discriminating against Plaintiff because of his race with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

55. Defendant violated the FCRA by discharging and discriminating against Plaintiff based on his race.

56. Defendant intentionally discriminated against Plaintiff on the basis of his race.

57. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the FCRA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self- confidence, and emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

58. Defendant's unlawful conduct in violation of the FCRA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling him to an award of exemplary and/or punitive damages.

### Count IV: Retaliation in Violation of the FCRA

59. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

60. Plaintiff engaged in protected activity under the FCRA while when he raised his concerns to Defendant.

61. Defendant engaged in intentional retaliation against Plaintiff for his participation in protected activity.

62. Defendant's conduct violated the FCRA.

63. Defendant's discriminatory conduct, in violation of the FCRA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige for which he is entitled to damages.

64. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling him to compensatory damages.

65. Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling him to punitive damages.

### Count V: Constructive Discharge

66. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-34 above.

67. Defendant deliberately created intolerable working conditions as it failed to provide a work environment free from discrimination, harassment, and hostility.

68. Defendant imposed working conditions so intolerable that a reasonable person in Plaintiff's position would have been compelled to resign.

69. Defendant's actions were done with the intent to drive Plaintiff to resign as Defendant was repeatedly on notice of Plaintiff's complaints and failed to take remedial action.

70. Defendant's deliberate actions forced Plaintiff to resign his position.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Florida Bar No. 99040
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570
F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*